# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1858

_____

Wieslaw Lukowski,                *
                                           *

        Petitioner,        *

                                          *   Petition for Review of a Decision of
      v.                        *   the Board of Immigration Appeals.
                                           *

Immigration and Naturalization Service, *

                                           *
        Respondent.      *

_____

Submitted: December 11, 2001

Filed: January 18, 2002

_____

Before LOKEN and BYE, Circuit Judges, and BOGUE,[*] District Judge.

_____

LOKEN, Circuit Judge.

Wieslaw Lukowski entered the United States as a child and gained lawful permanent resident alien status. In September 1996, he pleaded guilty to aiding and abetting auto theft. In April 1997, he pleaded guilty to felony auto theft. The Immigration and Naturalization Service then began removal proceedings. An immigration judge found Lukowski deportable, ordered his removal to Poland, denied

_____

[*]The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

his application for withholding of removal, and terminated his lawful permanent resident status. The Board of Immigration Appeals summarily affirmed, and Lukowski petitioned for review of the BIA's order. We deny the petition for review.

1. The immigration judge and the BIA ordered Lukowski's removal because his conviction for an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F) (felony auto theft), and his convictions for two crimes involving moral turpitude (felony auto theft and aiding and abetting auto theft), make him deportable under 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (iii). In 1996, Congress amended the Immigration and Nationality Act to provide:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii)], or any offense covered by [8 U.S.C. § 1227(a)(2)(A)(ii)] for which both predicate offenses are, without regard to their date of commission, otherwise covered by [8 U.S.C. § 1227(a)(2)(A)(i)].

8 U.S.C. § 1252(a)(2)(C). Despite this limitation, a number of our sister circuits have concluded there is jurisdiction to review a removal order to determine whether the alien has in fact been convicted of a criminal offense or offenses specified in § 1252(a)(2)(C). As the Seventh Circuit explained in Yang v. I.N.S., 109 F.3d 1185, 1192 (7th Cir.), cert. denied sub nom., Katsoulis v. I.N.S., 522 U.S. 1027 (1997), "[w]hen judicial review depends on a particular fact or legal conclusion, then a court may determine whether that condition exists." The INS assumes we have jurisdiction to consider this threshold issue, as we did in Mendez-Morales v. INS, 119 F.3d 738, 739 (8th Cir. 1997).

Lukowski's brief on appeal concedes that he is removable because he has been convicted of two crimes involving moral turpitude within the meaning of 8 U.S.C.

-2-

§ 1227(a)(2)(A)(ii), and of an aggravated felony within the meaning of 8 U.S.C. § 1227(a)(2)(A)(iii). Those are two grounds specified in 8 U.S.C. § 1252(a)(2)(C). Therefore, our statutory jurisdiction to consider the BIA's removal order is at an end. See Moore v. Ashcroft, 251 F.3d 919, 923 (11th Cir. 2001).

On the eve of oral argument, Lukowski advised that the state trial court amended his sentence for felony auto theft in July 2001 to provide that the conviction will be "deemed a misdemeanor" if he successfully completes his term of probation. Lukowski urges us to consider whether this sentence restructuring "could remove [the] aggravated felony consequences of this conviction." We may not do so. This recent state court ruling is a fact not presented to the agency, and our judicial review is limited to the administrative record. See 8 U.S.C. § 1252(b)(4)(A). Moreover, while Lukowski presumably could have brought this fact to the agency's attention by a motion to reopen, such a motion would now be untimely, see 8 U.S.C. § 1229a(c)(6)(C)(i), and in any event its disposition would be beyond our limited jurisdiction under 8 U.S.C. § 1252(a)(2)(C).

2. In addition to considering the above statutory issue, other circuits have concluded there is jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to consider "substantial" constitutional challenges to the Immigration and Nationality Act. See, e.g., Finau v. INS, 270 F.3d 859 (9th Cir. 2001). We are less certain these jurisdiction decisions are sound, because the Supreme Court has noted in other contexts that Congress may deny the lower federal courts jurisdiction to consider constitutional claims, though "its intent to do so must be clear." Webster v. Doe, 486 U.S. 592, 603 (1988). Here, Lukowski raises an equal protection issue, and the INS assumes we have jurisdiction to consider it. Although lack of subject matter

-3-

jurisdiction is a defense the government may not waive, we will assume without deciding that we have jurisdiction under § 1252(a)(2)(C) to consider this issue.[1]

As amended in 1996, 8 U.S.C. § 1182(h) provides that a discretionary waiver of inadmissibility may not be granted to an alien, like Lukowski, "who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . the alien has been convicted of an aggravated felony." In Matter of Michel, 21 I. & N. Dec. 1101 (BIA 1998), the BIA concluded that this restriction is unambiguously limited to lawful permanent resident aliens who are convicted of aggravated felonies; therefore, waiver-of-admissibility relief remains available for aliens who did not achieve lawful permanent resident status before their convictions. Lukowski argues that this classification is irrational and therefore violates the equal protection guarantee of the Fifth Amendment's Due Process Clause. Like three other circuits that have considered the question, we conclude this contention is without merit. See Finau, 270 F.3d at 862-63; Moore, 251 F.3d at 924-26; Lara-Ruiz v. INS, 241 F.3d 934, 946-48 (7th Cir. 2001).

Aliens are protected by the Fifth Amendment's equal protection guarantee. See Plyler v. Doe, 457 U.S. 202, 210 (1982). However, "a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). And in rejecting an equal protection challenge to an INA classification in Fiallo v. Bell, 430 U.S. 787, 792 (1976), the Supreme Court observed "that over no conceivable subject is the

---

[1]We clearly have Article III jurisdiction to review the BIA's decision, so this is not the type of jurisdictional issue that must be decided before addressing the merits of the controversy. See Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 663 n.4 (7th Cir. 1998), construing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95-104 (1998).

legislative power of Congress more complete than it is over the admission of aliens. . . . [T]he power to expel or exclude aliens [is] a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control."  (Quotation omitted.)

Applying this standard, the 1996 amendment to § 1182(h) easily passes equal protection muster.  In amending the INA, Congress intended to expedite the removal of criminal aliens from the United States.  See S. Rep. No. 104-249 at 2 (1996).  If eligible for a waiver of inadmissibility, a lawful permanent resident alien might delay or even avoid removal for an aggravated felony by applying for adjustment of status and re-admission as a lawful permanent resident.  See Lara-Ruiz, 241 F.3d at 947.  Thus, this amendment rationally eliminated one source of delay.  As Lukowski points out, it is arguably unfair to eliminate § 1182(h) relief only for lawful permanent resident aliens who commit aggravated felonies.  But Congress may constitutionally adopt legislative reform "one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind."  Williamson v. Lee Optical of Okla., Inc., 348 U.S. 483, 489 (1955) (citation omitted).  Congress does not run afoul of the Fifth Amendment's equal protection guarantee "simply because it failed through inadvertence or otherwise, to cover every evil that might conceivably have been attacked."  McDonald v. Board of Election Comm'rs of Chi., 394 U.S. 802, 809 (1969).  Nor does Congress violate the right to equal protection "merely because the classifications made by its laws are imperfect, or because in practice [a classification] results in some inequality."  Minn. Senior Fed'n v. United States, 273 F.3d 805, 808 (8th Cir. 2001) (alteration in original; quotations omitted).

For the foregoing reasons, we reject Lukowski's contentions that we have jurisdiction to consider under 8 U.S.C. § 1252(a)(2)(C) and deny his petition for review of the BIA's final removal order.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.