

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2006

# Serafino v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2720

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Serafino v. Atty Gen USA" (2006). *2006 Decisions.* Paper 818.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/818

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 05-2720 / 3577

———

ANTONIO SERAFINO,

*Petitioner*

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY;
BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT;
GREG KENDRICK, Newark Field Office Director,
United States Immigration & Customs Enforcement,

*Respondents*

———

On Petition for Review from Orders of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A42 152 486

———

Submitted Pursuant to Third Circuit. LAR 34.1(a)
June 29, 2006

Before:  BARRY, VAN ANTWERPEN and JOHN R. GIBSON*, *Circuit Judges*

(Filed June 29, 2006)

———

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit
Court of Appeals, sitting by designation.

OPINION OF THE COURT

Van Antwerpen, *Circuit Judge*:

Petitioner Antonino Serafino brings these consolidated appeals from two separate proceedings he initiated in the spring of 2005. The first, a habeas corpus petition for relief from an order of removal, was filed on May 9, 2005, and was shortly thereafter transferred to this Court for adjudication pursuant to the REAL ID Act. The second, a motion for relief pursuant to former section 212(c) of the Immigration and Nationality Act ("INA" or "Act"), was filed with the Board of Immigration Appeals ("BIA") on April 22, 2005. On July 11, 2005, the BIA denied that motion and Serafino appealed to this Court. This Court thereafter consolidated Serafino's appeal with his habeas petition. We have jurisdiction pursuant to 8 U.S.C. § 1252(a) and for the following reasons will affirm the BIA's decision and deny the habeas petition.

I.

We summarize the procedural history of this case only briefly, as the parties are familiar with it. Serafino was convicted on January 24, 1997, of tax evasion in violation of 26 U.S.C. § 7201. The former INS charged him with removability. Serafino received a hearing before an Immigration Judge, lost, and appealed to the BIA. On April 17, 2003, the BIA, in a Per Curiam opinion, found no merit to Serafino's contention that his

conviction for tax evasion pursuant to 26 U.S.C. § 7201 constituted neither an aggravated felony offense as defined by the Act nor a crime involving moral turpitude. The BIA also rejected Serafino's claim for relief pursuant to § 212(c), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because the crime to which he had pleaded guilty was an aggravated felony.

This Court subsequently dismissed Serafino's first petition for review on February 23, 2004, on the ground that this Court lacked jurisdiction over a petition for review filed by an alien who had committed an aggravated felony.

On April 22, 2005, Serafino moved to reopen his case for the purposes of again seeking § 212(c) relief. The BIA denied the motion on the grounds that § 212(c) "does not apply to an alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D) of the Act." The BIA cited § 440(d) of AEDPA as amended by § 306(d) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). As stated, Serafino subsequently filed a petition for habeas corpus relief on May 9, 2005. That petition and Serafino's appeal of his denied motion to reopen are now before this Court.

## II.

We exercise plenary review of the BIA's legal decisions. *See Partyka v. Attorney General*, 417 F.3d 408, 411 (3d Cir. 2005). As to whether a determination of the BIA "is entitled to *Chevron* deference, *Chevron, U.S.A. v. Natural Res. Def. Council, Inc.*, 467

U.S. 837 . . . (1984) . . . . [W]e owe no deference to [the BIA's] interpretation of" statutes it does not normally administer, such as the federal statutory scheme for taxation. *Id; see also Knapik v. Ashcroft*, 384 F.3d 84, 88 (3d Cir. 2004) (explaining that we afford *Chevron* deference to the BIA's determination that a particular crime involves moral turpitude but we accord no deference to the BIA's determination of "the elements . . . of a particular criminal statute deemed to implicate moral turpitude").

### III.

Serafino first argues that his tax conviction does not constitute an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(M)(ii). As stated, this Court previously dismissed Serafino's first petition for review on February 24, 2004, on the ground that we lack jurisdiction over petitions for review filed by aliens who have committed aggravated felonies. *Serafino v. Attorney General*, 03-2461 (3d Cir. February 24, 2004) (holding Court lacked jurisdiction to consider Serafino's petition because his conviction under 26 U.S.C. § 7201 was a conviction for an aggravated felony and review was therefore statutorily precluded pursuant to 8 U.S.C. § 1252(a)(2)(C)). As a result, Serafino is collaterally estopped from again challenging whether his conviction is an aggravated felony. *See, e.g., Mosley v. Wilson*, 102 F.3d 85, 91 (3d Cir. 1996); *Patel v. Ashcroft*, 294 F.3d 465, 468 (3d Cir. 2002).

In turn, because of Serafino's commission of an aggravated felony, he does not qualify for § 212(c) relief as amended by the AEDPA. 8 U.S.C. § 1101(A)(43)(M)(ii)

specifically includes among the list of aggravated felonies that render an alien deportable "an offense that . . . is described in section 7201 of Title 26 . . . in which the revenue loss to the Government exceeds $10,000[.]" The record establishes Serafino's conviction under this Title and a loss to the Government exceeding this amount, and therefore Serafino plainly committed an aggravated felony as that term is defined under the Act. Moreover, even though Serafino may be a lawful permanent resident, he ignores the fact that 1996 amendments to 8 U.S.C. § 1182(h) render ineligible for relief those lawful permanent resident aliens who have committed aggravated felonies. *See, e.g., Lukowski v. INS*, 279 F.3d 644, 647-48 (8th Cir. 2002).

What remains is whether 26 U.S.C. § 7201 contains an element of willful fraud sufficient to render it a crime of moral turpitude. Here, the BIA concluded that because "[t]he record reflects that [Serafino's] conviction is based on his filing of fraudulent tax returns, . . . we find that it is a crime involving moral turpitude."

We have held that "[w]hether an alien's crime involves moral turpitude is determined by the criminal statute and the record of conviction, not the alien's conduct." *Partyka*, 417 F.3d at 411; *Knapik*, 384 F.3d at 88, 90-91; *De Leon-Reynoso v. Ashcroft*, 293 F.3d 633, 635 (3d Cir. 2002). We have referred to this as the "categorical" approach: "Under this categorical approach, we read the applicable statute to ascertain the least culpable conduct necessary to sustain a conviction under the statute." *Partyka*, 417 F.3d at 411 (citations omitted). As such, "[w]here a statute covers both turpitudinous and non-

turpitudinous acts . . . it is 'divisible[]' and we then look to the record of conviction to determine whether the alien was convicted under that part of the statute defining a crime involving moral turpitude." *Id.*

Here, Serafino pleaded guilty to a one count information alleging a violation of 26 U.S.C. § 7201 (tax evasion), which provides: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or payment thereof shall, in addition to other penalties provided by law, be guilty of a felony . . . ." 26 U.S.C. § 7201. Review of the record indicates that, in pleading guilty to the one count information, Serafino acknowledged he "willfully and knowingly" attempted to evade taxes by filing "false and fraudulent" returns. Under a plain reading of the statutory language of 26 U.S.C. § 7201, Serafino's plea not only satisfies the statutory requirements for conviction under that federal tax statute, but it also constitutes the commission of a crime of moral turpitude, for the following reasons.

While "[t]he INA does not define 'moral turpitude,' and, as this Court has observed, the phrase 'defies a precise definition,'" *Partyka*, 417 F.3d at 413 (internal quotation omitted), the BIA defines "moral turpitude as conduct that is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general." *Id.* (quoting *Knapik*, 384 F.3d at 89) (additional citations omitted). "A longstanding test employed by the BIA to determine the existence of moral turpitude, which we find persuasive in a removal proceeding, asks whether the act is accompanied by a vicious motive or a corrupt mind." *Partyka*, 417 F.3d at 413 (internal quotations omitted). Here, given the statutory requirements of §

6

7201, we conclude that "willful" evasion inheres in the least culpable conduct of § 7201 and evidences a "corrupt mind." *Id.* Accordingly, § 7201 is not divisible, and, applied to the particular record of conviction in this case — which indicates Serafino pleaded guilty to "willfully and knowingly" attempting to evade taxes by filing "false and fraudulent" returns — we conclude the BIA did not err in concluding that Serafino's conviction constituted a crime of moral turpitude rendering him ineligible for deportation relief.

We have considered the remaining arguments advanced by the parties and have determined that no further discussion is necessary.

## IV.

We will accordingly deny Serafino's petition for habeas corpus relief and affirm the decision of the BIA denying Serafino's motion to reopen his case.