# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1540

_____

Bachir Debba,

         Appellant,

      v.

Gerard Heinauer, Director, Nebraska
Service Center; Eric H. Holder, Jr.,
Attorney General of the United States;
Alejandro Mayorkas,[1] Director,
U.S. Citizenship and Immigration
Services,

         Appellees.

\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.

\*  [UNPUBLISHED]

_____

Submitted: February 2, 2010
Filed: February 16, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

---

[1]Alejandro Mayorkas has been appointed to serve as Director of the United States Citizenship and Immigration Services, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Dr. Bachir Debba, a native of Algeria, appeals the district court's[2] order granting summary judgment to the Attorney General of the United States, the Director of United States Citizenship and Immigration Services (CIS) in the Department of Homeland Security, and the Director of the Nebraska Service Center for the CIS (collectively the officials), in Debba's action seeking to compel the officials to decide his pending application for adjustment of status (AOS). We affirm.

The following facts are undisputed. Debba, a medical doctor, entered the United States in 1996 and was granted political asylum in January 1999. In February 2000, Debba filed an I-485 application with the Nebraska Service Center to adjust his status from asylee to lawful permanent resident. At that time, I-485 applications were decided in the order filed, and faced an approximate waiting period of nine to ten years before their priority date became current. Before Debba's application was reviewed, however, the inadmissibility statutes were amended to include one who affords "material support" to a terrorist. *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI) (codifying part of Pub. L. No. 107-56, 115 Stat. 271 (Oct. 26, 2001)); *see also* 8 U.S.C. § 1159(b) (Secretary or Attorney General, in his or her discretion, may adjust status of asylee to lawful permanent resident if, among other things, asylee is admissible at time of examination for AOS). In January 2003, the Federal Bureau of Investigation completed a name check on Debba and forwarded it to the CIS.

In December 2005, shortly after the numerical limit on asylee-based AOS applications was lifted and the Secretary of Homeland Security was given discretionary authority to exempt certain terrorist-related inadmissibility grounds, see REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 306 (May 11, 2005), the Nebraska Service Center sent a letter informing Debba his application had been selected for detailed review, and would thus necessitate longer than normal processing

---

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

time. In 2007, the Secretary's discretionary authority to exempt certain terrorist-related inadmissibility grounds was broadened. *See* Pub. L. 110-161, 121 Stat. 1844 (Dec. 26, 2007). In late March 2008, the CIS director issued an internal memorandum instructing that adjudicators should withhold decision of cases that could benefit from the Secretary's expanded discretionary authority. Debba's AOS application was withheld and placed in pending status by the Nebraska Service Center in accordance with the memorandum.

In July 2008, Debba filed a complaint, invoking the federal question statute, 28 U.S.C. § 1331, the Administrative Procedure Act (APA), 5 U.S.C. § 701, and the mandamus statute, 28 U.S.C. § 1361, asking the court to compel the officials "to perform their duty to adjudicate [Debba's] I-485 application." Debba alleged the officials had "willfully and unreasonably delayed and ha[d] refused to adjudicate [his] applications," and that the officials "owe[d] [Debba] a duty to adjudicate [his] applications and ha[d] unreasonably failed to perform that duty." The officials moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that 8 U.S.C. § 1252(g) and 1252(a)(2)(B)(ii) barred judicial review, that there is no statutory requirement that the officials make a decision on an adjustment application within any specified period of time, and that because the ultimate decision on whether to adjust Debba's status is discretionary and unreviewable under 8 U.S.C. § 1182(d)(3)(B)(i), the reasonableness of the time elapsed before making such a decision is also unreviewable.

Alternatively, the officials moved for summary judgment, arguing that any delay by the CIS in deciding Debba's application was reasonable. In support of their motion, the officials attached (1) the CIS's December 2005 letter to Debba; (2) the affidavit of the director of the Nebraska Service Center stating Debba's asylum application indicates he provided medical treatment to convicted terrorists as part of his job at a prison in Algeria, Debba provided the medical treatment contrary to the instructions of his superiors, multiple statutory changes significantly impacted the

adjudication of Debba's request for AOS, and decision of Debba's application had been placed in pending status in accordance with the March 2008 memorandum; and (3) the March 2008 CIS memorandum. In response, Debba submitted his own affidavit stating he does not recall ever defying superiors to treat known terrorists and he challenges those assertions and their uncited sources.

The district court denied the motion to dismiss, and apparently concluded that it had subject matter jurisdiction under 28 U.S.C. § 1331 to consider Debba's claim based on the APA. *See Califano v. Sanders*, 430 U.S. 99, 104-07 (1977). The court then granted summary judgment for the officials, holding that it would "refrain from imposing its own judicially constructed deadline" on the processing of Debba's adjustment application. Debba appeals.

The officials do not argue on appeal that 8 U.S.C. §§ 1252(g) or 1252(a)(2)(B)(ii) barred the district court from considering Debba's claim, and we need not consider those questions of "statutory jurisdiction" *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 97 n.2 (1998); *Lukowski v. INS*, 279 F.3d 644, 647 n.1 (8th Cir. 2002); *Royal Siam Corp. v. Chertoff*, 484 F.3d 139, 142-44 (1st Cir. 2007); *Kramer v. Gates*, 481 F.3d 788, 790-91 (D.C. Cir. 2007). Debba contends that the officials have unreasonably delayed a decision on his adjustment status. Because the APA provides that an agency shall proceed to conclude a matter presented to it "within a reasonable time," 5 U.S.C. § 555(b), and states that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1), some courts have reasoned that a district court has authority to order the officials to decide an adjustment application if the delay has been unreasonable. *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 363-64 (N.D.N.Y. 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540, 543-48 (S.D.N.Y. 2008); *Burni v. Frazier*, 545 F. Supp. 2d 894, 906 (D. Minn. 2008).

We need not decide whether a case of extreme delay by the relevant federal agency could amount to a "failure to act," 5 U.S.C. § 551(13), that would give the district court authority under the APA to compel agency action "unlawfully withheld." *Id*. § 706(1). *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62-64 (2004). Even if we assume in Debba's favor that there is a "reasonable time" requirement for resolving adjustment applications, Debba has not established that the delay in this case was unreasonable.

The district court concluded that Debba's application had been given considerable attention, noting the officials stated that the application had been delayed because they were trying to determine whether Debba qualified for a waiver under section 1182(d)(3)(B)(i), and that without additional investigation, the application would be denied. Debba does not dispute the initial waiting period, or that the agency later delayed his application in light of multiple changes in legislation to investigate whether he was disqualified from AOS for engaging in prior conduct that might amount to "material support" to terrorists, whether he might be eligible for a discretionary exemption, and whether to exercise discretion to grant him an exemption. Given the facts specific to Debba that have caused the delay, and assuming for purposes of our analysis that there is a judicially-enforceable "reasonable time" requirement, we conclude the delay in processing Debba's AOS application was not unreasonable. *See Khan v. Scharfen*, No. 08-1398, 2009 WL 941574, at *9 (N.D. Cal. 2009). Debba contests the district court's reliance on a portion of an affidavit submitted by the director of the Nebraska Service Center, but we need not consider the disputed evidence to reach our conclusion.

The judgment of the district court is affirmed.

_____