**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-2427**

_____

MOHAMMED TOUMI,

          Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

          Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: July 29, 2011         Decided: August 24, 2011

_____

Before KING, DAVIS, and WYNN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Jason A. Dzubow, DZUBOW, SARAPU & PILCHER, PLLC, Washington, D.C., for Petitioner. Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Gregory M. Kelch, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammed Toumi, a native and citizen of Morocco, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding he was removable for having been convicted of a crime of moral turpitude, see Immigration and Nationality Act ("INA") § 237(a)(2)(A)(i); 8 U.S.C. § 1227(a)(2)(A)(i) (2006), and not eligible for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h) (2006).

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including a crime of moral turpitude. Under § 1252(a)(2)(C), this court retains jurisdiction to review factual determinations such as whether Toumi is an alien and whether he has been convicted of a crime of moral turpitude. Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). If the court is able to confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), the Court can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007) (internal quotation marks omitted).

While Toumi does not challenge the finding that he is an alien removable for having been convicted of a crime of moral turpitude, he claims that 8 U.S.C. § 1182(h) violates his and his family's right to equal protection under the Fifth Amendment.

Judicial review over federal immigration legislation is limited. Appiah v. INS, 202 F.3d 704, 710 (4th Cir. 2000). The power to expel or exclude aliens is a "fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." Shaughnessy v. Mezei, 345 U.S. 206, 210 (1953). "[A] statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). Under rational basis review, a statute will be upheld if there is a rational relationship between the alleged disparity and some legitimate government purpose. Adkins v. Rumsfeld, 464 F.3d 456, 469 (4th Cir. 2006). Rational basis review does not require the court to identify Congress' actual rationale for the distinction. The statute will be upheld if "there are plausible reasons for Congress' action." United States R.R. Ret. Bd. v.

Fritz, 449 U.S. 166, 179 (1980).  The burden is on the one raising the equal protection challenge to negate "every conceivable basis which might support it[.]"  Heller v. Doe, 509 U.S. 312, 320 (1993) (internal quotation marks omitted).

INA § 212(h), 8 U.S.C. § 1182(h), provides for a waiver of inadmissibility for certain aliens if it is found that the alien's removal will be an extreme hardship to the United States citizen or lawfully resident family member.  The waiver is appropriate if the Attorney General has consented to the alien applying or reapplying for a visa, for admission to the United States or for adjustment of status.  8 U.S.C. § 1182(h)(2).  Under the statute, a lawful permanent resident ("LPR"), like Toumi, is not eligible for the waiver if he cannot establish seven years continuous residency prior to the commencement of the removal proceedings.  In addition, under 8 C.F.R. § 1245.1(f) (2011), "an alien in the United States" must file an application for adjustment of status in order to be considered for the § 212(h) waiver.

Because Toumi could not establish seven years continuous residency prior to the commencement of the removal proceedings, he was found not eligible for the INA § 212(h) waiver.  Toumi notes that criminal non-LPRs are not statutorily obligated to show seven years continuous residency prior to

4

being considered for the waiver. He contends that the distinction between LPRs and non-LPRs violates his and his family's right to equal protection under the law.

This court has already rejected a similar equal protection challenge to § 1182(h). See Ramtulla, 301 F.3d at 203-04. Similarly, every circuit court to have considered this issue has rejected the equal protection challenge. See, e.g., Lukowski v. INS, 279 F.3d 644, 647-48 (8th Cir. 2002); Moore v. Ashcroft, 251 F.3d 919, 924-26 (11th Cir. 2001); Lara-Ruiz v. INS, 241 F.3d 934, 946-48 (7th Cir. 2001). Those cases cite several reasons for finding a rational basis supporting the distinction at issue. Toumi's attempts to negate those reasons are without merit.

Because Toumi was statutorily not eligible for the INA § 212(h) waiver and he failed to show that the distinction between LPRs and non-LPRs violates his right to equal protection, we deny the petition for review. We also conclude that his claim that his family's right to equal protection was also violated is without merit. See Gallanosa v. United States, 785 F.2d 116, 120 (4th Cir. 1986).[*] We dispense with oral

---

[*] In light of the fact that Toumi is not statutorily eligible for the INA § 212(h) waiver, and that his equal protection challenge is unsuccessful in this regard, we decline to reach his other equal protection argument because the
(Continued)

5

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

resolution of that argument will have no bearing on his eligibility for the waiver.