**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VICTOR HUGO BATREZ GRADIZ,
also known as Victor Gradiz,

Petitioner,

v.

ALBERTO R. GONZALES, United
States Attorney General,

Respondent.

No. 06-9534

---

**PETITION FOR REVIEW OF AN ORDER**
**FROM THE BOARD OF IMMIGRATION APPEALS**
**(AGENCY NO. A96 196 886)**

---

Catharine A. Bull, (Brett J. Davies, with her on the briefs) Bull & Davies,
Denver, Colorado for the Petitioner.

Anh-Thu P. Mai (Mark C. Walters with her on the briefs), Office of Immigration
Litigation, Department of Justice, Washington, D.C.

---

Before **LUCERO**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

Victor Hugo Batrez Gradiz, a citizen of Honduras, has been living in the

United States illegally since 2003. Mr. Batrez Gradiz has a wife and a child who

are American citizens. On June 22, 2005, Mr. Batrez Gradiz's wife filed an I-130 petition, which, if approved, would allow Mr. Batrez Gradiz to obtain legal residency.

Only one thing stood in the way of Mr. Batrez Gradiz's obtaining legal residency: a recent brush with the law. Three months earlier, on March 16, 2005, Petitioner had pleaded guilty to a drug charge in Wyoming state court. At the time the I-130 petition was filed, the plea was still under consideration, pending a presentence investigation report and a substance abuse assessment.

On June 22, the same day Mr. Batrez Gradiz's I-130 petition was filed, he appeared in state court to change his plea on the drug charges from guilty to nolo contendere. Two days later, the court imposed a deferred entry of plea and deferred sentence, pursuant to Wyo. Stat. § 7-13-301. "Without entering a judgment of guilt or conviction, [the court may] defer further proceedings and place the person on probation for a term not to exceed five (5) years." *Id*.

On December 28, 2005, in federal court, the petitioner pleaded guilty to the misdemeanor of illegal entry into the United States. He received a sentence of twenty-four hours and time served. On March 29, 2006, the Department of Homeland Security ordered Mr. Batrez Gradiz's removal on the ground that he had been convicted of an aggravated felony, pursuant to 8 U.S.C. § 1228.

On appeal, Mr. Batrez Gradiz contends that his deferred plea agreement is not a conviction under 8 U.S.C. § 1228 and that the crime to which he pleaded is

not an aggravated felony subject to deportation.  Under 8 U.S.C. § 1252(a)(2)(D), Petitioner is permitted to appeal questions of law directly to this court.  We **AFFIRM** the agency rulings.  We also **GRANT** the petitioner's motion seeking leave to proceed in forma pauperis on appeal.

I.

Mr. Batrez Gradiz argues that his no contest plea, probation, and deferred sentence does not qualify as a conviction under 8 U.S.C. § 1228.  The order deferring the imposition of sentence makes clear that the defendant entered a nolo plea: "Pursuant to a plea agreement, the Defendant withdrew his guilty plea and changed his plea to No Contest . . . . The Court found that the plea was knowingly and voluntarily made . . . ." AR at 9.

The Wyoming statute under which Mr. Batrez Gradiz's sentence was deferred reads, "If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty or no contest . . . the court may, with the consent of the defendant and the state and without entering a judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed five (5) years upon terms and conditions set by the court." Wyo. St. § 7-13-301.

Under the Immigration and Nationality Act ("INA"), a conviction is:

a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where--

-3-

> (i) a judge or jury has found the alien guilty *or the alien has entered a plea of guilty or nolo contendere* or has admitted sufficient facts to warrant a finding of guilt, and
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A) (emphasis added). Because an adjudication of guilt was withheld under Wyoming law, we look to subpart (ii), which tells us that there has been a conviction for purposes of the INA when the alien has entered a plea of nolo contendere. Mr. Batrez Gradiz's proceedings match this description.

In response, Petitioner cites to a BIA case which is easily distinguishable. In *Matter of Eslamizar*, 23 I&N Dec. 684 (BIA 2004), the BIA found that a state-labeled "violation" was not a conviction for purposes of § 1101(a)(48)(a) when it was adjudicated using a preponderance-of-the-evidence standard rather than the standard of proof beyond a reasonable doubt. Petitioner believes this to stand for the proposition that we must defer to state definitions of conviction—in this case, the state of Wyoming's view that Mr. Batrez Gradiz has not been convicted of a crime. In fact, *Eslamizar* does nothing more than reaffirm our traditional standard that findings of guilt must be beyond a reasonable doubt.

Petitioner also cites to *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000). *Lujan-Armendariz* held that an expunged conviction is not a conviction for purposes of § 1101(a)(48)(A). That, too, is distinct from our situation in several respects. First, expungements do not fall under the plain language of the conviction definition in the same way that deferred prosecutions do. Secondly,

the First Offender Act, 18 U.S.C. § 3607, permits the expungement of first-time simple drug-possession offenses for all purposes, including immigration adjudications. As the Ninth Circuit noted in *Lujan-Armendariz*, there is no reason to suppose that Congress repealed the First Offender Act *sub silentio*. It thus makes sense to read the § 1101(a)(48)(a) definition to exclude expungements. Petitioner can point to no similar situation here.

## II.

Under the Immigration and Nationality Act ("INA"), an alien who has been convicted of an aggravated felony may be deported at any time. 8 U.S.C. § 1227(a)(2)(A)(iii). Mr. Batrez Gradiz next argues that the crime to which he pled was not an aggravated felony.

Aggravated felonies, as defined in the INA, include "illicit trafficking in a controlled substance . . . , including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B). A "drug trafficking crime," under 18 U.S.C. § 924(c)(2), includes "any felony punishable under the Controlled Substances Act, 21 U.S.C. 801 et seq." Hence, all felonies under the CSA are deportable offenses.

In *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), the Supreme Court took up the question of whether crimes that are misdemeanors under the CSA but felonies under state law could qualify as felonies under the "illicit trafficking" portion of the aggravated felony definition. The Supreme Court held that they could not: "conduct treated as a felony by the State that convicted a defendant of committing

it, but as a misdemeanor under the CSA" is not an aggravated felony under 8 U.S.C. § 1228. *Id.* at 629.

*Lopez* required a change in 10th Circuit law. *United States v. Martinez-Macias*, 472 F.3d 1216 (10th Cir. 2007). Previously, both the 10th Circuit and the BIA—deferring to circuit precedent—treated such convictions as aggravated felonies. *United States v. Cabrera-Sosa*, 81 F.3d 998 (10th Cir. 1996); *In re Yanez-Garcia*, 23 I&N Dec. 390 (BIA 2002). Petitioner argues that under the revised definition, his offense does not qualify for deportation.

## A. Exhaustion

Before we address the merits of that claim, we must determine whether Mr. Batrez Gradiz properly exhausted his administrative remedies. Presumably because both the BIA and this Circuit were clear that the statute in question qualified as an aggravated felony, Mr. Batrez Gradiz did not challenge that designation at the administrative level, in district court, or in his initial briefs to this Court. In the wake of *Lopez*, the parties submitted supplemental briefing, in which Mr. Batrez Gradiz raised the issue for the first time. The Attorney General argues that our consideration of this issue is barred by a lack of administrative exhaustion.

Exhaustion under the INA is statutory and therefore mandatory, rather than prudential. 8 U.S.C. § 1252(d)(1). The Tenth Circuit has not addressed whether the exhaustion provision contains any exceptions, but the Second Circuit has

found an exception to the INA's exhaustion rule in a similar circumstance. *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 53 (2d Cir. 2004). *Marrero Pichardo* concerned an alien who was facing deportation for driving under the influence of a controlled substance. While Mr. Marrero Pichardo's case was pending before the circuit court, the Second Circuit ruled in a separate case that driving while intoxicated was not in fact an aggravated felony. *Dalton v. Ashcroft*, 257 F.3d 200, 208 (2d Cir. 2001). Mr. Marrero Pichardo had not appealed the issue to the BIA or in his original briefing to the Second Circuit. The court considered his claim anyway, notwithstanding the exhaustion provision of 8 U.S.C. § 1252(d)(1), noting that "[c]ourts have historically interpreted procedural rules to prevent a fundamental miscarriage of justice." *Marrero Pichardo*, 374 F.3d at 53. The court determined such an injustice to be in play, noting that "Pichardo's claim refers not to a collateral matter, but to one going to the very basis of his deportation." *Id.* at 54.

The First, Fifth, and Seventh Circuits have all also stated or implied that exceptions to § 1252(d)(1) might exist in extreme cases. *Goonsuwan v. Ashcroft,* 252 F.3d 383, 389 (5th Cir. 2001) (holding that habeas petitioner's failure to exhaust may be excused "when administrative remedies are inadequate" but not where administrative procedures exist to reopen petitioner's case) (internal quotation marks omitted); *Sousa v. INS*, 226 F.3d 28, 32 (1st Cir. 2000) ("Even where statutes impose an exhaustion requirement the Supreme Court has, despite

the rhetoric of jurisdiction, carved out exceptions."); *Singh v. Reno*, 182 F.3d 504, 511 (7th Cir. 1999) (finding that an exception exists to address "certain constitutional due process claims").

Moreover, the "miscarriage of justice" standard is the one the Supreme Court has used in making exceptions to the exhaustion bar in habeas corpus claims under 28 U.S.C. § 2254, which is similarly statutory. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). We find it equally logical to apply that standard in cases under 8 U.S.C. § 1227.

The standard for a miscarriage of justice is high. "To come within this very narrow exception, the petitioner must supplement his constitutional claim with a colorable showing of factual innocence. The inquiry must focus on actual or factual innocence, as opposed to legal innocence." *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (internal quotation marks, citations, and brackets omitted). To establish actual innocence, appellants "must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations omitted). We have no jury in deportation cases, so we assess the evidence as the appropriate fact-finder—in this case, the Department of Homeland Security—would.

Such an inquiry requires that the record be "assessed for evidentiary sufficiency on the [relevant] prongs." *United States v. Leopard*, 170 F.3d 1013,

-8-

1017 (10th Cir. 1999). *See also Johnson v. Pinchak*, 392 F.3d 551, 565-66 (3d. Cir. 2004). In this case, the relevant assessment is whether the crime at issue was, in fact, an aggravated felony. If it was not, Petitioner's conduct does not fulfill the elements necessary for deportation under 8 U.S.C. § 1227, and he is, in effect, actually innocent. Therefore, if Mr. Batrez Gradiz can show that his conviction was not an aggravated felony, his lack of exhaustion is excused.

## B. Aggravated Felony

The written record of Petitioner's arraignment, which was employed in all his subsequent state and federal proceedings, refers to Petitioner's offense as under Wyo. Stat. § 25-7-1031(a)(i). That is evidently a typographical error. No statute exists by that number. Wyoming does have a similarly numbered statute, § 35-7-1031(a)(i), which criminalizes the manufacture, delivery, or possession with intent to manufacture or deliver controlled substances. Wyo. Stat. § 35-7-1031(a)(i). Oddly, however, the designation of Mr. Batrez Gradiz's offense in the record of his arraignment is not quite the same as § 35-7-1031(a)(i). The record refers to "Unlawful Manufacture or Delivery *or Possession*, or Possession With intent to Manufacture or Deliver, a Controlled Substance." R. at 7 (emphasis added). Thus, the charge described in his arraignment record includes simple possession, while the statute (corrected for the typographical error) does not. Although these discrepancies—the error in the statute number and the

misdescription of the statute—complicate matters, they do not ultimately help Mr. Batrez Gradiz. Any way we analyze his offense, it is an aggravated felony.

If we correct the typographical error in the statute number and assume that Mr. Batrez Gradiz was charged under § 35-7-1031(a), there is no doubt that his conviction was an aggravated felony rendering him eligible for deportation. Section 35-7-1031(a) reads, in pertinent part: "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." All three offenses chargeable under that statute—manufacture, delivery, and possession with intent to manufacture or deliver—are felonies under the Controlled Substances Act, 21 U.S.C. § 841(a)(1), and are therefore deportable aggravated felonies under 8 U.S.C. §§ 1101(a)(43)(B) and 1227(a)(2)(A)(iii).

Alternatively, we might go by the description of his offense in the record of arraignment: "Unlawful Manufacture or Delivery or Possession, or Possession With intent to Manufacture or Deliver, a Controlled Substance." This offense, as described, comprises both simple possession, which is not an aggravated felony, and manufacture or delivery or possession with intent to manufacture or deliver, which is. When a statute includes crimes that fit under the aggravated felony definition and those that do not, we must look beyond the face of the statute to the defendant's conduct. *Taylor v. United States*, 495 U.S. 575, 599-602 (1990).

-10-

In the context of determining which prior offenses were "crimes of violence" for purposes of the Sentencing Guidelines, *Taylor* instructed that sentencing courts may not look to any and all evidence to ascertain the defendant's conduct, but only to "the charging paper and jury instructions," to see if they "actually required the jury to find all the elements of [the aggravated felony] in order to convict the defendant." 495 U.S. at 602. Since *Taylor*, the Supreme Court and this Circuit have expanded that list of permissible documents to include the plea agreement and sentencing-court findings. *Shepard v. United States*, 544 U.S. 13, 16 (2005) (plea agreement); *United States v. Hernandez-Garduno*, 460 F.3d 1287, 1294 (10th Cir. 2006) (sentencing findings). The logic of these cases pertains equally to the classification of crimes under 8 U.S.C. § 1227, and we adopt it here. That approach follows the path taken by the BIA itself, *Matter of Alcantar*, 20 I&N Dec. 801, 812 (BIA 1994), as well as a number of other circuits, *see e.g., Conteh v. Gonzales*, 461 F.3d 45, 54 (1st Cir. 2006); *Singh v. Ashcroft*, 383 F.3d 144, 147-48 (3d Cir. 2004). It also matches the course that our Circuit suggested but did not formally adopt in *Vargas v. Dep't of Homeland Security*, 451 F.3d 1105, 1107-09 (10th Cir. 2006).

The order deferring imposition of Mr. Batrez Gradiz's sentence, which was signed by his attorney, is the functional equivalent of a plea agreement. It stipulates, among other things, that the defendant shall "reimburse the Washakie County Sheriff's Department in the amount of $280.00 for expenses (buy

monies)." R. at 10. That language makes clear that the defendant's plea was not to mere possession, but to actual distribution. "Buy monies" refers to the money that the agents paid him when he sold them drugs. Accordingly, using the modified categorical approach, we find that Mr. Batrez Gradiz committed an aggravated felony.

Petitioner counters that the Notice of Intent to Issue a Final Administrative Removal Order lists the crime as "Possession of a Controlled Substance; to wit Meth," and thus that Respondent is precluded from arguing a more serious charge. R at 1. However, we see no need to interpret the DHS's notation as a concession, particularly when, under Tenth Circuit precedent at the time, there was no need for the Government to distinguish between possession and possession with an attempt to distribute. It appears instead to be mere shorthand. Subsequent language in the administrative record make clear the DHS understood that the defendant had admitted to making a drug purchase.

## III.

Accordingly, we hold that Mr. Batrez Gradiz was convicted of an aggravated felony, and we **AFFIRM** the order of the BIA. We also **GRANT** the petitioner's motion seeking leave to proceed in forma pauperis on appeal.