FILED
United States Court of Appeals
Tenth Circuit

April 25, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WADE ALLEN EDWARDS,

  Petitioner - Appellant,

v.

JIM KEITH, Warden; OKLAHOMA
ATTORNEY GENERAL,

  Respondents - Appellees.

No. 08-7011
(D.C. No. 07-CV-00274-FHS-KEW)
(E.D. Okla.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant Wade Allen Edwards, a state inmate appearing pro se,

seeks a certificate of appealability (COA) allowing him to appeal from the district

court's denial of his habeas petition pursuant to 28 U.S.C. § 2254.  Because Mr.

Edwards has failed to demonstrate that it is reasonably debatable whether the

district court's procedural ruling dismissing his petition as untimely is correct,

see Slack v. McDaniel, 529 U.S. 473, 483–84 (2000), we deny a COA and dismiss

the appeal.

The district court adopted the magistrate judge's determination that Mr.

Edwards's application was not filed within the applicable one-year statute of

limitations, see 28 U.S.C. § 2244(d)(1)(A), and that he was not entitled to equitable tolling due to extraordinary circumstances or actual innocence. On appeal, Mr. Edwards argues that a state-created impediment and actual innocence excuse the untimeliness of his petition. First, he argues that the district court erred in finding that he orally withdrew his motion to withdraw his guilty plea and that this error was a state-created impediment. A state-created impediment may delay the running of the one-year limitations period until that impediment is removed if it prevents the petitioner from filing a federal habeas petition. See 28 U.S.C. § 2244(d)(1)(B). Mr. Edwards's contention is an argument on the merits and does not address how the factual finding prevented him from timely filing his federal habeas petition.

Second, Mr. Edwards's arguments to equitably toll the limitations period also fail. The limitations period may be equitably tolled if a petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control," Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), or if the petitioner is actually innocent, Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Mr. Edwards does not contest that his conviction became final on August 23, 2003 after entering a guilty plea. He filed the present petition on July 25, 2007, nearly four years later. He has not demonstrated that he diligently pursued his claims during this period to warrant equitable tolling. Mr. Edwards has also failed to support his alleged innocence.

He mistakenly argues legal innocence instead of factual innocence to justify equitably tolling the limitations period.  See Batrez Gradiz v. Gonzales, 490 F.3d 1206, 1209 (10th Cir. 2007).  A petitioner must support his claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Mr. Edwards has failed to demonstrate that it is reasonably debatable whether the district court's procedural ruling dismissing his petition is correct.  See Slack, 529 U.S. at 483–84.

We DENY the motion for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge