# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2145

_____

Alfred Bone Shirt; Belva Black Lance;    *
Bonni High Bull; Germaine Moves    *
Camp,    *
   *
         Appellants,    *
   *    Appeal from the United States
     v.    *    District Court for the
   *    District of South Dakota.
Joyce Hazeltine, in her official capacity    *
as Secretary of State of the State of    *        [PUBLISHED]
South Dakota; Scott Eccarius, in his    *
official capacity as Speaker of the    *
South Dakota House of    *
Representatives; South Dakota House    *
of Representatives; Arnold Brown, in    *
his official capacity as President of the    *
South Dakota Senate; South Dakota    *
Senate,    *
   *
         Appellees.    *

_____

Submitted: April 23, 2008
Filed: May 5, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Alfred Bone Shirt, Belva Black Lance, Bonni High Bull, and Germaine Moves Camp ("plaintiffs") challenge the district court's[1] order denying their motion for expert witness fees under section 6 of the "Fannie Lou Hamer, Rosa Parks, and Coretta Scott King Voting Rights Act Reauthorization and Amendments Act of 2006," 42 U.S.C. § 1973*l*(e) (the "VRARA"). We affirm.

In November 2001, the South Dakota legislature enacted a statewide legislative redistricting plan. Thereafter plaintiffs filed suit, alleging that the redistricting plan violated the Voting Rights Act of 1965. Plaintiffs prevailed in the district court, and defendants appealed.

While the appeal was pending, President Bush signed the VRARA into law. Section 6 of the VRARA amended the Voting Rights Act of 1965 to allow a prevailing party to recover "reasonable expert fees." This court subsequently affirmed the district court's decision, *see Bone Shirt v. Hazeltine*, 461 F.3d 1011, 1024 (8th Cir. 2006), and granted plaintiffs' motion to remand the case for an award of attorneys' fees and expenses. On remand, the parties stipulated that the amount of requested expert fees ($60,261.80) was reasonable, but disputed whether expert fees were recoverable. Plaintiffs then filed a motion in the district court seeking recovery of expert fees pursuant to section 6 of the VRARA.

The district court denied the motion, applying the analytical framework described in *Martin v. Hadix*, 527 U.S. 343 (1999), and *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). Specifically, the court concluded that Congress had not expressly delineated the temporal reach of section 6, and that an award of expert fees under the new statute would have an impermissible retroactive effect. The court explained that because the expert fees were incurred prior to the VRARA's passage

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

when such fees were not recoverable in Voting Rights Act cases, applying the statute would upset the parties' reasonable expectations and would create new legal consequences for services that were provided before the adoption of section 6. The court rejected plaintiffs' reliance on *Bradley v. Sch. Bd. of Richmond*, 416 U.S. 696, 706-11, 724 (1974) (statute allowing award of reasonable attorneys' fees in school desegregation cases applied to case pending on appeal when statute was enacted). The court reasoned that retroactive application of the statute in *Bradley* did not upset the parties' reasonable expectations, because attorneys' fees were already available under alternative theories and the district court had, in fact, awarded the fees based on those theories.

On appeal, plaintiffs insist that *Bradley* controls because "defendants knew or should have known at the outset that they could have been required to pay expert fees under any one of several possible theories," such as acting in bad faith. Alternatively, plaintiffs assert that the Supreme Court's other decisions concerning retroactivity – especially those dealing with attorneys' fees and litigation expenses – support their argument that application of section 6 would not have an impermissible retroactive effect.

We review de novo the legal issues relating to fee awards. *See Cody v. Hillard*, 304 F.3d 767, 772 (8th Cir. 2002). Because plaintiffs do not challenge the district court's conclusion that Congress did not expressly delineate the temporal reach of the VRARA, our analysis is limited to determining whether application of the statute's expert fees provision would have retroactive effect. *See Gonzalez v. Chertoff*, 454 F.3d 813, 816 (8th Cir. 2006) (when statute does not expressly address whether it should apply retroactively, court must determine whether applying new statute would have retroactive effect). If the statute would have retroactive effect, we presume it does not govern. *See Chertoff*, 454 F.3d at 816; *see also Landgraf*, 511 U.S. at 270 (presumption against statutory retroactivity has consistently been explained by reference to unfairness of imposing new burdens on persons after fact).

To begin, we disagree with plaintiffs' assertion that *Bradley* controls the outcome of this case. Retroactive application of the statute at issue in *Bradley* merely confirmed that the district court's decision to award attorneys' fees in that case was legally correct, despite the lack of explicit statutory authorization for the award at the time, and therefore did not result in a brand new fee award. *See Martin*, 527 U.S. at 359-60 (applying statute retroactively in *Bradley* did not result in manifest injustice because fees were available under different principles prior to passage of statute and district court had already awarded fees invoking these different principles). In this case, however, there is no indication that plaintiffs sought to recover in the district court, let alone were awarded, their expert fees under any of the alternative theories that they describe on appeal.

We determine whether section 6 of the VRARA operates retroactively by asking whether it "attaches new legal consequences to events completed before its enactment." *Landgraf*, 511 U.S. at 269-70. This inquiry demands common sense judgment, and is to be guided by considerations of fair notice, reasonable reliance, and settled expectations. *See Martin*, 527 U.S. at 357-58; *Landgraf*, 511 U.S. at 270. As the district court noted, expert witness fees were generally not recoverable in Voting Rights Act cases prior to the VRARA's passage. *See Emery v. Hunt*, 272 F.3d 1042, 1048-49 (8th Cir. 2001) (affirming denial of reimbursement for paralegal tasks in Voting Rights Act case, where district court believed plaintiffs were attempting to obtain compensation for expert witness expenses by relabeling expert work as paralegal work); *Leroy v. City of Houston*, 831 F.2d 576, 584 (5th Cir. 1987) (reversing award of expert witness fees in excess of standard per diem and mileage costs because Voting Rights Act did not specifically allow recovery of expert witness fees). Applying section 6 in this case and awarding plaintiffs their expert witness fees, which were incurred before the VRARA was enacted, would attach "new legal consequences to events completed before its enactment." *Landgraf*, 511 U.S. at 269-70. Although other courts have allowed the award of expert witness fees when the district court determined that the losing party acted in bad faith, *see, e.g., Simi Inv. Co.*

*v. Harris County, Tex.*, 236 F.3d 240, 256 n.22 (5th Cir. 2000) (district court may award expert fees in excess of statutory authorization when losing party has acted in bad faith), there is no indication that the district court made such a finding in this case.

This Court holds that applying section 6 of the VRARA would have retroactive effect in this case, and thus in accordance with Supreme Court precedent, we presume it does not govern.

The decision of the district court is affirmed.

_____