FILED
United States Court of Appeals
Tenth Circuit

August 27, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CRUZ ARTURO AGUIRRE-
CORDERO, a/k/a Jose Morales-
Mosqueda, a/k/a Juan Carlos Aguirre,

Defendant-Appellant.

Nos. 07-1299, 07-1300, 07-1301
(D.C. Nos. 01-CR-00433-WYD;
01-CR-00159-WYD; and
06-CR-00462-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH** and **HOLMES**, Circuit Judges.

After he pleaded guilty to unlawful reentry as a deported alien previously

convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2),

the district court sentenced Cruz Aguirre-Cordero to 51 months' imprisonment.

At the same hearing, Aguirre-Cordero admitted to violations of the terms of his

supervised release in two prior sentences. The district court imposed revocation

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

sentences of 10 months' and 18 months' imprisonment to run concurrently with each other, but consecutively to the 51-month sentence imposed for the unlawful reentry conviction. In this consolidated appeal, Aguirre-Cordero challenges all three sentences. Aguirre-Cordero's counsel moves for leave to withdraw from the case in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). Because we conclude that the record presents no nonfrivolous grounds for relief, we grant counsel's motion to withdraw and affirm Aguirre-Cordero's sentences. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## I

In February 2000, Aguirre-Cordero was convicted in the District of New Mexico of possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (the "New Mexico case"). The district court sentenced him to 10 months' imprisonment, followed by 2 years' supervised release. Aguirre-Cordero was subsequently deported to Mexico on July 5, 2000.

On March 28, 2001, during his term of supervised release, Aguirre-Cordero was arrested on a traffic charge in Greeley, Colorado. Having illegally returned to the United States, Aguirre-Cordero was then indicted on one count of unlawful reentry of a deported alien previously convicted of an aggravated felony, in

violation of 8 U.S.C. § 1326(a) and (b)(2) (the "prior unlawful reentry case").[1]

The government also alleged that Aguirre-Cordero's unlawful reentry violated a condition of his supervised release in the New Mexico case, which had been transferred to the District of Colorado following the indictment for unlawful reentry.

Aguirre-Cordero pleaded guilty to the unlawful reentry charge and admitted to violating the condition of his supervised release. On the unlawful reentry charge, the district court sentenced Aguirre-Cordero to 37 months' imprisonment followed by 3 years' supervised release. The district court also revoked Aguirre-Cordero's supervised release in the New Mexico case and sentenced him to a consecutive 4-month term of imprisonment followed by 32 months' supervised release. On April 26, 2004, following his release from prison, Aguirre-Cordero was again deported to Mexico.

Nevertheless, on October 30, 2005, having once again reentered the United States illegally, Aguirre-Cordero was arrested by the Colorado State Patrol and charged in state court with possession of a controlled substance. He was

---

[1] Aguirre-Cordero's conviction in the New Mexico case provided the predicate aggravated felony for this unlawful reentry charge. Under the Immigration and Nationality Act, an "aggravated felony" includes "illicit trafficking in a controlled substance . . ., including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B). In turn, under 18 U.S.C. § 924(c)(2), a "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." See Batrez Gradiz v. Gonzalez, 490 F.3d 1206, 1208 (10th Cir. 2007). Possession with intent to distribute less than 50 kilograms of marijuana is such a felony. See 21 U.S.C. § 841(b)(1)(D).

convicted and, after serving part of a 15-month sentence, was paroled to the custody of the Bureau of Immigration and Customs Enforcement. Throughout this period, Aguirre-Cordero was subject to supervised release in both the New Mexico case and the prior unlawful reentry case.

On November 13, 2006, Aguirre-Cordero was indicted for unlawful reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2) (the "extant unlawful reentry case"). The government also petitioned to revoke Aguirre-Cordero's supervised release in the New Mexico case and in the prior unlawful reentry case, on the grounds that he had violated the conditions of his release by (1) unlawfully reentering the United States and (2) unlawfully possessing a controlled substance. Aguirre-Cordero subsequently pleaded guilty to the extant unlawful reentry charge and admitted to both violations of his terms of supervised release.

On the extant unlawful reentry charge, Aguirre-Cordero's presentence report calculated a base offense level of 8. U.S.S.G. § 2L1.2(a). His offense level was then increased by 12 levels due to his previous deportation after conviction of a drug trafficking felony, § 2L1.2(b)(1)(B), and reduced by 3 levels for acceptance of responsibility upon motion of the government, § 3E1.1(b), resulting in a total offense level of 17. Based on his criminal history category of VI, the resulting advisory United States Sentencing Guidelines ("Guidelines") range was 51 to 63 months' imprisonment. At sentencing, the government

recommended that Aguirre-Cordero's sentence not exceed the bottom of the applicable Guidelines range. The district court accepted the government's recommendation and sentenced Aguirre-Cordero to 51 months' imprisonment followed by 3 years' supervised release.

Aguirre-Cordero's Colorado state conviction, the more serious of his supervised release violations,[2] qualifies as a Grade B violation under the Guidelines. § 7B1.1(a)(2). Combined with his criminal history category of I when originally sentenced in the New Mexico case, the Guidelines range for his release violations in that case was 4 to 10 months' imprisonment. § 7B1.4(a). In the prior unlawful reentry case, Aguirre-Cordero had a criminal history category of IV when originally sentenced, resulting in a Guidelines range of 12 to 18 months' imprisonment for the violations. Id. The district court revoked Aguirre-Cordero's release in both cases and sentenced him to 10 months' and 18 months' imprisonment respectively. The court ordered these sentences to be served concurrently with each other but consecutively to the 51-month sentence for the unlawful reentry charge. Aguirre-Cordero now appeals each sentence.[3]

---

[2] The sentencing range for a revocation of supervised release resulting from more than one violation is calculated using the most serious of the violations. See § 7B1.1(b).

[3] In appeal No. 07-1299, he appeals the revocation of his supervised release in the New Mexico case. In No. 07-1300, he appeals the revocation of his release in the prior unlawful reentry case. And in No. 07-1301, he appeals the sentence for his most recent unlawful reentry.

## II

If an attorney conscientiously examines a case and determines that any appeal would be wholly frivolous, counsel may "so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. The client may then choose to offer argument to the court. If, upon complete examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw. Id. Acting pursuant to Anders, counsel in the present case provided Aguirre-Cordero with a copy of the appellate brief, and Aguirre-Cordero has declined the opportunity to file a pro se brief in response.

Counsel's brief raises only three arguably appealable issues: (1) whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure when accepting Aguirre-Cordero's guilty plea; (2) whether the district court imposed reasonable sentences; and (3) whether the district court abused its discretion by imposing consecutive sentences. Upon review of the record, we conclude that there is no nonfrivolous basis, whether raised or unraised by counsel, for challenging the sentences.

## A

Our independent review of the record reveals that the district court complied with Federal Rule of Criminal Procedure 11. Rule 11 requires that,

prior to accepting a defendant's guilty plea, "the court must address the defendant personally in open court . . . . [T]he court must inform the defendant of, and determine that the defendant understands," certain rights and matters relating to his likely punishment, including the right to plead not guilty, the right to a jury trial, the right to counsel, and the right to confront adverse witnesses. Fed. R. Crim. P. 11(b)(1). In addition, the district court must determine whether the plea is voluntary, Fed. R. Crim. P. 11(b)(2), and whether a factual basis exists to support it, Fed. R. Crim. P. 11(b)(3). The transcript of the Aguirre-Cordero's plea colloquy demonstrates that the district court faithfully applied Rule 11. Through a translator, the district court explained the rights Aguirre-Cordero waived by pleading guilty, described the law that would govern his punishment, ensured the plea was voluntary, and probed the facts underlying the plea. Accordingly, the district court committed no error with respect to Rule 11.

**B**

The record also shows that Aguirre-Cordero received reasonable sentences. We review Aguirre-Cordero's sentence on the unlawful reentry charge for reasonableness, deferring to the district court's sentencing determination under an abuse of discretion standard. United States v. A.B., 529 F.3d 1275, 1277 (10th Cir. 2008). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence."

United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008).  A court commits

procedural error by, among other things, "failing to calculate (or improperly

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to

consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly

erroneous facts, or failing to adequately explain the chosen sentence—including

an explanation for any deviation from the Guidelines range."  Gall v. United

States, 128 S. Ct. 586, 597 (2007).  A court commits substantive error if it

imposes an unreasonably long sentence in light of the statutory factors in §

3553(a).  See A.B., 529 F.3d at 1278 ("'In evaluating the substantive

reasonableness of a sentence, we ask whether the length of the sentence is

reasonable considering the statutory factors delineated in 18 U.S.C. § 3553(a).'"

(quoting United States v. Hamilton, 510 F.3d 1209, 1217-18 (10th Cir. 2007))).

On the unlawful reentry conviction, the court imposed a procedurally and

substantively reasonable sentence.  The district court committed none of the

procedural errors identified in Gall.  It properly calculated the Guidelines range,

acknowledged the Guidelines' advisory status, and considered arguments of both

Aguirre-Cordero and the government before imposing a within-Guidelines

sentence.  See United States v. Cereceres-Zavala, 499 F.3d 1211, 1217 (10th Cir.

2007) ("[W]here a district court imposes a sentence falling within the range

suggested by the Guidelines, Section 3553(c) requires the court to provide only a

general statement of the reasons for its imposition of the particular sentence."

(quotation omitted)). In addition, we presume that sentences within the Guidelines range are substantively reasonable, United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006), and nothing in the record rebuts that presumption. To the contrary, a sentence of 51 months' imprisonment, the bottom of the suggested Guidelines range, was substantively reasonable in light of the factors identified in § 3553(a).

We also review revocation sentences for procedural and substantive reasonableness. A district court imposes a procedurally reasonable revocation sentence when it properly considers the sentencing factors outlined in 18 U.S.C. § 3583(e),[4] and we apply a rebuttable presumption of substantive reasonableness to within-Guidelines sentences, see Kristl, 437 F.3d at 1054.[5] Here, the district court carefully explored the asserted bases for the alleged supervised release violations, explained the applicable Guideline ranges associated with each violation, and imposed sentences within those suggested ranges. The district

---

[4] Section 3583(e) incorporates several of the sentencing factors in 18 U.S.C. § 3553(a). See United States v. Contreras-Martinez, 409 F.3d 1236, 1242 & n.3 (10th Cir. 2005).

[5] We have not yet had occasion to explore "the exact contours of our post-Booker standard of review" for the substantive reasonableness of revocation sentences. United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1258 (10th Cir. 2006); see also id. at 1256-58 (explaining that some cases apply an "abuse of discretion" standard while others apply a "plainly unreasonable" standard). We need not define those contours here, however, because Aguirre-Cordero's revocation sentences are reasonable under either an "abuse of discretion" or a "plainly unreasonable" standard. See id. at 1258.

court therefore committed no procedural error.  See <u>Cereceres-Zavala</u>, 499 F.3d at 1217 (explaining that a district court need only provide a "general statement" of reasons for imposing a within-Guidelines sentence).  Moreover, nothing in the record overcomes the presumption of substantive reasonableness applicable to within-Guidelines sentences.  Accordingly, the court committed no error in revoking Aguirre-Cordero's terms of supervised release and imposing sentences of 10 and 18 months' imprisonment.

C

Finally, the district court did not abuse its discretion by ordering consecutive sentences.  See <u>Contreras-Martinez</u>, 409 F.3d at 1241 (reviewing such a decision for abuse of discretion).  Although advisory, the Guidelines provide that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."  U.S.S.G. § 7B1.3(f).  The district court followed the Guidelines' recommendation here and more than sufficiently justified its decision.  Accordingly, the district court acted well within its discretion in imposing consecutive rather than concurrent sentences.  See <u>Rodriguez-Quintanilla</u>, 442 F.3d at 1258-59; <u>Contreras-Martinez</u>, 409 F.3d at 1241-42.

## III

For the foregoing reasons, we **GRANT** counsel's motion to withdraw and **AFFIRM** Aguirre-Cordero's sentences.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge