FILED
United States Court of Appeals
Tenth Circuit

June 24, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

TANYA BUSTILLOS-SOSA,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 09-9536
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**,
Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Tanya Bustillos-Sosa, a native and citizen of Mexico, seeks review of a removal order issued by the Department of Homeland Security (DHS).[1]  Because she failed to exhaust her administrative remedies, we dismiss the petition.

## BACKGROUND

Bustillos-Sosa unlawfully entered the United States in 2002.  Several years later, she was arrested by the Yuma, Colorado police, and convicted in 2008 of one count of trespass to farmland with the intent to commit a felony, Colo. Rev. Stat. § 18-4-503(1)(a), (2)(b).  She was sentenced to two-years' incarceration.

On June 4, 2009, DHS began expedited removal proceedings against Bustillos-Sosa on the basis of her conviction by serving her with a Notice of Intent to Issue a Final Administrative Order (NOI).[2]  The NOI informed her that she had ten days to respond to the charges, including obtaining legal representation, reviewing the government's evidence, rebutting the charges, and requesting an extension of time.  Bustillo-Sosa signed the certificate-of-service form and checked boxes on the form declaring that she did "not wish to contest . . . removal," "admit[ting] the allegations and charge in [the NOI]," "waiv[ing]

---

[1]     Although Bustillos-Sosa's petition for review states that she seeks relief from a "Notice of Intent to Issue a Final Administrative Removal Order," we construe the petition as challenging the removal order ultimately issued in this case, rather than the notice.  *See* 8 U.S.C. § 1252(a) (extending judicial review to "a final order of removal").  Indeed, the jurisdictional statement in her opening brief identifies the removal order as prompting the instant petition.

[2]     Under 8 U.S.C. § 1228(a)(3)(A), an alien convicted of an "aggravated felony" is subject to expedited removal.

[her] right to rebut and contest the . . . charge[ ]," and "admit[ting] that [she] [was] deportable and . . . not eligible for any form of relief from removal." A.R. at 7. She also checked a box on the form waiving her right to remain in the United States for fourteen days if she wished to seek judicial review of a final order. On June 9, 2009, DHS served Bustillos-Sosa with a Final Administrative Removal Order, and removed her to Mexico on June 12.

Represented by counsel, Bustillos-Sosa then filed the instant petition for review, challenging the removal order's characterization of her conviction as an aggravated felony. The government argues that this court lacks jurisdiction to reach this issue because Bustillos-Sosa failed to present it to DHS in response to the NOI. We agree with the government.

## DISCUSSION

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Exhaustion gives the agency "the opportunity to apply its specialized knowledge and experience to the matter, and to resolve a controversy or correct its own errors before judicial intervention." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1121 (10th Cir. 2007) (citation and quotation marks omitted).

Bustillos-Sosa had the opportunity to raise with DHS her claim that her conviction does not qualify as an aggravated felony, but instead she admitted the NOI's allegations and charge, and she expressly declined to contest her removal

-3-

on any basis. By declining her administrative remedies, she has failed to perfect this court's jurisdiction. *See, e.g., Fonseca-Sanchez v. Gonzales*, 484 F.3d 439, 443-44 (7th Cir. 2007); *Gonzalez v. Chertoff*, 454 F.3d 813, 816 (8th Cir. 2006); *Sutariya v. U.S. Attorney Gen.*, 299 F. App'x 949, 950-51 (11th Cir. 2008); *Edward v. Attorney Gen.*, 165 F. App'x 136, 137-38 (3d Cir. 2006).

Bustillos-Sosa claims in her reply brief that she exhausted her administrative remedies because her attorney contacted her on June 10 and filed a response to the NOI on June 12—the day Bustillos-Sosa was removed to Mexico. But such a response is not in the administrative record, and she has not sought to supplement the record with a copy of the document. Moreover, once Bustillos-Sosa indicated on June 4 that she had no objection to removal, the immigration officer in charge of her case was required to issue a final removal order, *see* 8 C.F.R. § 238.1(d), which he did on June 9. Thus, even if Bustillos-Sosa's attorney filed a response to the NOI, it was too late to exhaust her administrative remedies.

Bustillos-Sosa next argues that she was denied due process because she did not have enough time to secure counsel, and the "NOI did not provide . . . [her] the opportunity to deny that the conviction was an aggravated felony." Reply Br. at 9. Although constitutional challenges are excepted from the exhaustion requirement, this exception does not apply to "administratively correctable procedural defect[s]" that a petitioner, like Bustillos-Sosa, later frames as a

constitutional claim. *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094-95 (10th Cir. 2008). The NOI clearly indicated that Bustillos-Sosa had the right to request an extension of time, to secure counsel, to review the government's evidence, and to rebut the charges. Had she not waived the right to contest removal, the immigration officer who handled her case could have addressed her claims of deficient process.[3] Thus, her waiver created a failure to exhaust, which precludes our review of the due process claim. *See Gonzalez*, 454 F.3d at 816.

Bustillos-Sosa summarily argues that her equal-protection rights were also violated. While this constitutional argument may not have been administratively correctable, so that it would fall within our jurisdiction, Bustillos-Sosa does not develop it. Consequently, we do not consider it. *See United States v. Chee*, 514 F.3d 1106, 1112 n.1 (10th Cir. 2008) ("[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." (alteration in original; quotation marks omitted)). We note, however, that other courts have uniformly rejected equal-protection challenges to the expedited removal process. *See, e.g.*, *Graham v. Mukasey*, 519 F.3d 546, 551-52 (6th Cir.

---

[3]     Bustillos-Sosa does not claim that she could not understand the NOI and its certificate of service, both of which were written in English. Rather, she argues that she did not understand the legal consequences of being removed as an aggravated felon. *See* 8 U.S.C. § 1182(a)(9)(A)(i) (providing that an alien removed for having committed an aggravated felony is ineligible to return to the United States for twenty years). But as already noted, she could have sought legal advice on the consequences of not contesting the NOI, but she declined to do so.

2008); *United States v. Calderon-Segura*, 512 F.3d 1104, 1107-08 (9th Cir. 2008); *Gonzalez*, 454 F.3d at 818; *Flores-Ledezma v. Gonzales*, 415 F.3d 375, 381-82 (5th Cir. 2005).

Finally, the instant case is distinguishable from *Batrez Gradiz v. Gonzales*, 490 F.3d 1206, 1209 (10th Cir. 2007), which holds that exhaustion may be excused to prevent a "fundamental miscarriage of justice." In *Batrez Gradiz*, this court stated that such a miscarriage of justice could occur if the alien could show that her conviction is not an aggravated felony. *Id.* at 1210. But that case did not involve an alien who had expressly waived her right to contest the charges in the NOI. We cannot conclude that a miscarriage of justice occurs when an alien's aggravated-felony argument goes undecided after she expressly waives her opportunity to have the argument considered by DHS.

### CONCLUSION

Because Bustillos-Sosa failed to exhaust her claim that her state-court conviction does not constitute an aggravated felony, we lack jurisdiction to consider that claim in these proceedings.

Accordingly, the petition for review is DISMISSED.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-6-