

### Villanova University School of Law
### Villanova University Charles Widger School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2006

# Edward v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3239

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

### Recommended Citation

"Edward v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1768.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1768

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3239
_____

LEWIS EDWARD,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent
_____

On Petition for Review of a Final Administrative
Removal Order
Agency No. A78 492 681
on November 8, 2004
_____

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 5, 2006

Before:  BARRY, STAPLETON AND GREENBERG, <u>Circuit Judges</u>.

(Filed:  January 10, 2006)

_____

OPINION
_____

PER CURIAM

Edward Lewis filed a petition for a writ of habeas corpus in the United States District Court for the Middle District. The petition was transferred to this Court pursuant to Real ID Act of 2005, § 106(c), Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). The petition has been treated as a timely-filed petition for review. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005). In his brief, Lewis argues that he was deprived of the opportunity for a hearing before an Immigration Judge, that he did not commit any aggravated felonies, that he is eligible for relief pursuant to former § 212(c) of the Immigration and Nationality Act (INA), and that he should be allowed to adjust status to that of Permanent Resident Alien. The Government argues that the petition for review should be dismissed, as Lewis failed to exhaust his administrative remedies. For the reasons that follow, we agree with the Government and will dismiss the petition.[1]

Lewis is a native and citizen of Jamaica. He entered the United States in 1987 as a

_____

[1] To the extent Lewis's arguments could be construed as a challenge to the constitutionality of the expedited removal provisions, he would be excused from raising that argument before the agency. See In re Laura Estella Salazar-Regino, 23 I&N Dec. 223 (2002) ("We have long declared that we lack authority to rule on the constitutionality of the statutes we administer."). However, courts have found that the expedited removal proceedings afford adequate due process protections. See e.g., United States v. Benitze-Villafuerte, 186 F.3d 651, 660 (5th Cir.1999) ("[I]t is clear to us that the administrative deportation procedures of § 1228 afforded [the alien] the unimpeded opportunity to claim all the procedural due process to which he was constitutionally entitled.").

non-immigrant visitor for pleasure, and failed to depart when his authorized visit expired. He was convicted of a controlled substance violation in December 1994, and in March 1995 was convicted of the crime of Aggravated Assault, both violations of Pennsylvania law.

On October 29, 2004, Lewis was personally served with a Notice of Intent to Issue a Final Administrative Removal Order.[2] The Notice informed Lewis that he was subject to expedited removal proceedings pursuant to 8 U.S.C. § 1228 [INA § 238(b)], based on his convictions.[3] The Notice informed Lewis that he "must respond to the above charges in writing . . . within 10 calendar days of service of this notice (or 13 calendar days if service is by mail)." On the third page of the Notice, Lewis checked a box and signed the form, indicating that he admitted the allegations and charges in the Notice, that he admitted he was deportable and was not eligible for any form of relief from removal, and that he waived the right to rebut and contest the charges and the right to file a petition for review of the Final Removal Order.

A Final Administrative Removal Order was entered on November 8, 2004, finding that Lewis was deportable as an alien who had committed an aggravated felony. The

---

[2] The Notice is dated June 23, 2000, but the acknowledgment of receipt on the second page reflects that the Notice was served on October 29, 2004. The record does not reflect the reason for the delay.

[3] Section 1228 provides for expedited removal of aliens who have committed aggravated felonies. The Notice alleges that both his controlled substance violation and his aggravated assault violation are aggravated felonies under the statutory definition. See 8 U.S.C. § 1101(a)(43)(B) & (F).

order was served on Lewis on November 16, 2004, and he reserved the right to file a petition for review. Lewis timely filed a petition for a writ of habeas corpus on December 6, 2004.[4]

We agree with the Government that Lewis was required to exhaust his administrative remedies before we could review his final order of removal. The relevant statute provides that a "court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); see Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) (requiring alien to raise an issue to the agency in a manner that allows it to correct an error before seeking judicial review). Lewis had the opportunity to rebut the charges against him in response to the Notice, but waived that opportunity.

Lewis's arguments that he was prevented from exhausting his administrative remedies are unavailing. First, he has submitted a letter dated September 29, 2004, addressed to the Executive Office for Immigration Review (EOIR). The letter stated that he was in immigration custody, but had not yet seen an immigration officer. Lewis also submitted a reply from EOIR, dated October 1, 2004, noting that they had no record of his case, and advising him to talk to his deportation officer. As this exchange of correspondence took place before Lewis was even served with the Notice of Intent to

---

[4] It appears that Lewis also mistakenly filed a petition for review, dated November 28, 2004, with the Bureau of Immigration and Customs Enforcement. See Exhibits to Government Response, district court docket #9, Exhibit E. This petition, filed outside the time to respond to the Notice, could not serve to exhaust his administrative remedies.

Remove, it could not have affected his ability to rebut the charges in the Notice. Second, he notes that he was not served with the November 8, 2004 Final Administrative Order until November 16, 2004. However, that did not affect his ability to rebut the charges of the initial Notice, as he was required to rebut the charges on or before November 8, 2004 (within ten days from the date he was served with the Notice). Lewis was not prejudiced by service of the Final Administrative Order on November 16, 2004, as he was able to timely file a petition for review of that order.

Because Lewis did not raise his issues before the agency, we lack jurisdiction to consider his arguments here. The petition will be dismissed.[5]

---

[5] We note that even if Lewis had exhausted administrative remedies, we would deny the petition on the merits. Lewis's conviction for aggravated assault, as a crime of violence for which a term of imprisonment of at least 1 year was imposed, is an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F). His sentence of four to eighteen months qualifies as a sentence of at least one year. See Bovkun v. Ashcroft, 283 F.3d 166, 170-71 (3d Cir. 2002) (sentence with both a minimum and a maximum term is treated comparably with a functionally equivalent sentence with only a maximum term). (We express no opinion as to whether his controlled substance violation qualifies as an aggravated felony). As an alien subject to expedited removal, he is not eligible for any discretionary relief from removal. See 8 U.S.C. § 1228(b)(5).