[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 12, 2008
THOMAS K. KAHN
CLERK

No. 07-15598
No. 08-11097
Non-Argument Calendar

_____

Agency No. A94-823-028

AARTI JAYANTAKUMAR SUTARIYA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 12, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Aarti Jayantakumar Sutariya, a female native and citizen of India, seeks review of the Department of Homeland Security's ("DHS") final order of removal.

Sutariya argues that she was not removable because her state convictions for making terroristic threats did not qualify as aggravated felony crimes of violence. She also raises the following legal and constitutional claims: (1) the expedited removal procedures were unfair because she was not properly served with the expedited removal order; (2) she deserved a hearing during her expedited removal proceedings and the opportunity to appeal any decision to the BIA; (3) the DHS improperly failed to consider her application for asylum; and (4) she was denied equal protection by being placed in expedited removal proceedings, rather that general removal proceedings. After careful review, we dismiss the petitions in part, and deny them in part.[1]

We review our subject matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

We lack jurisdiction to review a final order of removal against an alien who was removable, under 8 U.S.C. § 1227(a)(2)(A)(iii), based on her commission of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). "Nonetheless, because judicial review is limited by statutory conditions, we retain jurisdiction to determine whether those conditions exist." Camacho-Salinas v. U.S. Att'y Gen., 460 F.3d

---

[1] Sutariya has abandoned the claim in her second petition for review -- challenging the Board of Immigration Appeals's ("BIA") dismissal of her appeal from the immigration judge's ("IJ") negative reasonable fear finding -- because she failed to raise this claim in her appellate brief. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

1343, 1346 (11th Cir. 2006). Accordingly, we may determine if the petitioner was (1) an alien, (2) who was removable, (3) for having committed an aggravated felony. Id. Pursuant to the REAL ID Act of 2005, we also have jurisdiction to consider "constitutional claims or questions of law" raised in a petition for review of a final order of removal. See Ali v. U.S. Att'y Gen., 443 F.3d 804, 809 (11th Cir. 2006) (quotation marks omitted); 8 U.S.C. § 1252(a)(2)(C), (D).

However, we may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Accordingly, "we lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted [her] administrative remedies with respect thereto." Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006). An alien who is notified of the DHS's intent to issue a final order of removal due to her commission of an aggravated felony and placed in expedited removal proceedings has ten days to respond to the notice and challenge the determination that she is an aggravated felon prior to the issuance of a final order of removal. See 8 U.S.C. § 1228(b)(4); 8 C.F.R. § 238.1(c).

As applied here, we lack jurisdiction over Sutariya's argument that her state convictions for making terroristic threats were not aggravated felonies. As the record shows, she did not properly challenge that determination during her

3

expedited removal proceedings; rather, the only point at which Sutariya appears to have challenged it was in the context of her motion to an IJ for bond redetermination, which did not directly challenge her removability and was filed over ten days after she received notice of the DHS's intent to issue a final order of removal.[2]  Indeed, Sutariya admits in her brief that she did not properly challenge the determination that she was an aggravated felon, saying that she "would have challenged" it if she had been granted a hearing before an IJ.  Thus, we lack jurisdiction over this claim.  See Lubowa v. U.S. Att'y Gen., 2008 WL 4148523, at *2 (11th Cir. Sept. 10, 2008) (unpublished) (holding that we lack jurisdiction, based on a failure to exhaust, where an alien in expedited removal proceedings failed to challenge the DHS's determination that he committed an aggravated felony after receiving notice of the DHS's intent to issue a final removal order on that basis); see also Fonseca-Sanchez v. Gonzales, 484 F.3d 439, 443-44 (7th Cir. 2007).

We likewise lack jurisdiction to review Sutariya's equal protection and due process claims regarding her removal proceedings.  As the record shows, Sutariya

---

[2] DHS issued a Notice of Intent to Issue a Final Administrative Removal Order as to Sutariya on October 1, 2007, and its certificate of service indicated that a deportation officer attempted service on Sutariya on October 30, 2007, but she refused to acknowledge receipt of the document at that time.  Nonetheless, the record demonstrates that Sutariya received the Notice of Intent before October 30, because she filed a petition for review of the Notice with this Court on or about October 19, 2007.

did not raise any constitutional challenges to the final order of removal; rather, she appears to only have raised some of them in her appeal of the IJ's negative reasonable fear finding, which not only was in a separate context and dealt with different issues, but was filed more than ten days after she received notice of the DHS's intent to issue a final order of removal. Therefore, we also lack jurisdiction over her constitutional challenges to the final order of removal. See Yang v. U.S. Att'y Gen., 494 F.3d 1311, 1316 (11th Cir. 2007) (holding that we lack jurisdiction over unexhausted equal protection claims); Amaya-Artunduaga, 463 F.3d at 1251 (holding that we lack jurisdiction over unexhausted due process claims for which remedies could have been provided, which include procedural due process claims).

**DISMISSED IN PART, DENIED IN PART.**