# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3124

_____

| | | |
|---|---|---|
| Christian Abraham Escoto-Castillo, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an Order of |
| v. | * | the Department of Homeland Security. |
| | * | |
| Janet Napolitano, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: June 13, 2011
Filed: October 13, 2011

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

Christian Escoto-Castillo, a citizen of Mexico, entered the United States in 1995 and overstayed his six-month visitor's permit. In October 2002, he pleaded guilty in Minnesota state court to third-degree burglary. The Sentencing Order recited, consistent with the transcript of the sentencing hearing, that the court stayed execution of a one-year jail term, placed Escoto-Castillo on probation for 364 days, and required that he serve three days in jail (credited for time served) and seventeen days on electronic home monitoring. Immigration officials denied his application for lawful permanent resident status later that month.

The Department of Homeland Security ("DHS") may use expedited procedures to remove aliens who are not lawful permanent residents and have committed an "aggravated felony." 8 U.S.C. § 1228(b)(1)-(2). Aggravated felonies include burglary offenses "for which the term of imprisonment [is] at least one year." § 1101(a)(43)(G). A term of imprisonment is the prison term ordered by the court "regardless of any suspension of the imposition or execution of that imprisonment." § 1101(a)(48)(B). On August 27, 2010, DHS served Escoto-Castillo with a Form I-851 Notice of Intent to issue a final administrative order removing him because his 2002 burglary conviction was an aggravated felony.

Consistent with the expedited removal statute, see § 1228(b)(3)-(4), the Notice informed Escoto-Castillo that he must respond to the charges within ten days; he had a right to counsel, could ask to review the government's evidence, and could request an extension of time to rebut the charges with supporting evidence; and he could admit deportability and designate a country of removal or seek a grant of withholding or deferral of removal. On September 7, Escoto-Castillo signed the second page of the Form I-851. He checked boxes stating that he admits the charges, is deportable and not eligible for any relief from removal, does not request withholding or deferral of removal, and waives his right to remain in the United States for fourteen days to apply for judicial review. DHS then issued a Final Administrative Removal Order and deported him to Mexico. Following removal, counsel filed a timely petition for judicial review, asserting that the 2002 conviction was not an aggravated felony that authorized expedited removal. We deny the petition.

Congress has precluded judicial review of "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, but we do have jurisdiction to review final orders of removal for "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(C), (D). When the issue is properly presented, this limited review includes whether the alien was in fact convicted of an aggravated felony. See Lukowski v. I.N.S., 279 F.3d 644, 646 (8th Cir. 2002).

In this case, Escoto-Castillo's Petition for Review conceded that he was convicted of violating Minnesota's burglary statute but alleged that "[t]he state court did not sentence Petitioner to a sentence of one year or greater. Rather, the term of imprisonment is 364 days, with a stay of execution for 364 days." In support, he attached to the Petition a September 23, 2010, Order of the State of Minnesota District Court, First Judicial District, that purported to amend the Court's October 2, 2002, Sentencing Order. The amended Order recited that Escoto-Castillo "is hereby sentenced to a period of confinement of 364 days" -- one day less than a year -- and that execution of the sentence "is stayed for a period of 364 days."

Although we have jurisdiction to consider this aggravated felony issue under § 1252(a)(2)(D), we conclude that review is precluded for two distinct reasons.

**First,** Escoto-Castillo did not raise the issue in the administrative removal proceeding. Indeed, he waived his rights to contest removal, to request withholding or deferral of removal, and to remain in the United States for fourteen days while he applied for judicial review. The statute authorizing judicial review of removal orders expressly provides that a court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). We have repeatedly held that failure to exhaust administrative immigration remedies precludes merits review of the unexhausted issue. See, e.g., Gonzalez v. Chertoff, 454 F.3d 813, 816 (8th Cir. 2006) (failure to timely respond to expedited removal Notice); Wijono v. Gonzales, 439 F.3d 868, 871 (8th Cir. 2006) (failure to raise due process issue to agency). Our sister circuits agree. See, e.g., Bustillos-Sosa v. Holder, 384 Fed. App'x 714, 716 (10th Cir. 2010); Sutariya v. U.S. Att'y Gen., 299 Fed. App'x 949, 950 (11th Cir. 2008); Fonseca-Sanchez v. Gonzales, 484 F.3d 439, 443-44 (7th Cir. 2007); Edward v. Att'y Gen. of U.S., 165 Fed. App'x 136, 137-38 (3d Cir. 2006).

Escoto-Castillo asks us to recognize and apply an exception to the exhaustion requirement "when administrative remedies are inadequate." He argues the exception should apply in this case because the amended state court Sentencing Order was not issued until after DHS issued the final removal order. Whether Congress has granted us authority to recognize such an exception raises the thorny question whether § 1252(d)(1) is a mandatory exhaustion requirement, or one that is both mandatory *and* jurisdictional. See generally Liadov v. Mukasey, 518 F.3d 1003, 1006-08 (8th Cir. 2008). We conclude that we need not reach that question in this case because the record fails to establish the lack of an adequate administrative remedy. As the government notes, when the state court issued the amended order, Escoto-Castillo could have filed a timely motion to reopen the removal proceedings. See 8 C.F.R. § 103.5(a). He did not do so. He suggests in a lengthy Reply Brief that the agency will not entertain motions to reopen expedited removal proceedings, particularly after the alien has been removed, but he cites no clear authority for that speculation. In these circumstances, his failure to raise this alleged error of law to the agency precludes our review of the issue.

**Second,** Escoto-Castillo's contention that his 2002 burglary conviction was not an aggravated felony is based entirely on a post-removal state court order, evidence that is not part of the administrative record on appeal. Congress has unambiguously provided that we may decide a petition for review "only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). In Lukowski, 279 F.3d at 646, we refused to consider whether a post-removal state court sentence restructuring eliminated the aggravated-felony consequences of the conviction. That decision is controlling here.

For these two distinct reasons, we deny the petition for review.

_____