**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2676
_____

PEDRO ENRIQUE HERNANDEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A022-598-326)
Immigration Judge:  Honorable Dorothy A. Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2013
Before:  AMBRO, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 3, 2013)
_____

OPINION
_____

PER CURIAM

 Pedro Enrique Hernandez, a native and citizen of the Dominican Republic,

petitions for review of an order of the Board of Immigration Appeals ("BIA" or

"Board"). For the reasons below, we will grant the petition for review, vacate the Board's order, and remand the matter for further proceedings.

I.

Hernandez claimed that he first entered the United States in 1979. In 1993, he was convicted of cocaine distribution in Washington, D.C., and was sentenced to one year of supervised probation. In 1995, Hernandez was convicted in New York state court of first degree assault, and was sentenced to 33 to 99 months of imprisonment. Thereafter, he was ordered deported, attempted to re-enter the United States in 1998, and was immediately removed again. He last entered the United States in 2001.

In February 2011, the Government issued a Final Administrative Removal Order against Hernandez in expedited removal proceedings. See Immigration and Nationality Act ("INA") § 238(b) [8 U.S.C. § 1228(b)] (providing for expedited removal of aliens who are not lawful permanent residents and have committed an aggravated felony). That Order stated that Hernandez was removable under INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and had been convicted of an aggravated felony as defined in INA § 101(a)(43)(F) [8 U.S.C. § 1101(a)(43)(F)] (crime of violence for which term of imprisonment is at least one year). Shortly thereafter, an asylum officer conducted a reasonable fear interview of Hernandez and referred his case to an Immigration Judge ("IJ") for consideration of his allegation that he will be persecuted or tortured if removed to the Dominican Republic. See 8 C.F.R. § 1208.31(e).

2

A merits hearing was held on July 12, 2011, at which time the IJ denied relief. But because of problems with the audio equipment, the testimony was not properly recorded. Accordingly, the BIA remanded the matter for creation of a complete transcript. (Administrative Record ("A.R."), 287). The IJ held a new hearing on February 13, 2012, but did not advise Hernandez of his right to representation, inform him of the availability of free legal services, or determine whether he had received a list of such programs. 8 C.F.R. § 1240.10(a)(1)-(3). At the hearing, Hernandez testified that an individual named Nin Terrero, a corrupt military official for whom he once worked, would kill him because he has knowledge of Terrero's drug trafficking business.

The IJ denied relief, holding that Hernandez's drug distribution and assault convictions were "particularly serious crime[s]" that rendered him ineligible for asylum and withholding of removal. See INA §§ 208(b)(2)(A)(ii), (B)(i), 241(b)(3)(B)(ii) [8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i), 1231(b)(3)(B)(ii)]; 8 C.F.R. § 1208.16(d)(2). Although Hernandez remained eligible for deferral of removal under the United Nations Convention Against Torture ("CAT"), the IJ concluded that he had not met his burden of demonstrating that it is more likely than not that he would be tortured if removed to the Dominican Republic. In particular, the IJ found that the Dominican Republic was not willfully blind to the activities of corrupt military officials and drug traffickers. In support of this conclusion, the IJ noted that the Dominican Republic had extradited Terrero to the United States to face drug charges.

3

The BIA dismissed Hernandez's appeal. The Board rejected Hernandez's petition for asylum because he did not apply for asylum within one year of his last entry to the United States. Agreeing that Hernandez's drug and assault convictions were particularly serious crimes, the Board held that Hernandez was not eligible for asylum, withholding of removal under the INA, and withholding of removal under the CAT. With respect to deferral of removal under the CAT, the BIA noted that Hernandez "made no specific challenge" to the IJ's "detailed findings of fact regarding objective assessments of the level of involvement of the government of the Dominican Republic in actions which might constitute torture." The Board also rejected Hernandez's claim that the IJ failed to advise him of his right to counsel, noting that Hernandez did not "demonstrate[] any resultant prejudice amounting to a due process violation . . . ." Hernandez filed a timely pro se petition for review of the BIA's decision.

## II.

The government argues that we lack jurisdiction to review Hernandez's petition for review because he is removable for having committed an aggravated felony. INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)] (precluding review of final removal orders entered against certain criminal aliens). Even when the jurisdiction-stripping provision of § 242(a)(2)(C) applies, however, we retain jurisdiction to review constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005)(citations and internal quotation marks omitted). Construing Hernandez's

4

pro se brief liberally, we conclude that he has raised reviewable claims concerning whether the IJ failed to advise him of availability of free legal services, Leslie v. Att'y Gen., 611 F.3d 171, 174-75 (3d Cir. 2010), whether he was convicted of a particularly serious crime, Alaka v. Att'y Gen., 456 F.3d 88, 103 (3d Cir. 2006), and whether the BIA misapplied the law governing CAT protection to the undisputed facts of record, Toussaint v. Att'y Gen., 455 F.3d 409, 412 n.3 (3d Cir. 2006).[1]

### III.

Hernandez argues that the IJ failed to advise him of his right to be represented by counsel. In removal proceedings, the IJ "shall: (1) [a]dvise the respondent of his or her right to representation, at no expense to the government . . . (2) [a]dvise the respondent of the availability of free legal services provided by organizations and attorneys . . . located in the district where the removal hearing is being held; [and] (3) [a]scertain that the respondent has received a list of such programs . . . ." 8 C.F.R. § 1240.10(a). The BIA "assum[ed] arguendo [that] there was a procedural violation," but concluded that "there has been no showing of prejudice from the alleged violation." The Government, which

---

[1] We also disagree with the Government's contention that Hernandez did not exhaust his challenge to the determination that he committed an aggravated felony and a particularly serious crime. Although the exhaustion requirement applies in expedited removal proceedings, see, e.g., Escoto-Castillo v. Napolitano, 658 F.3d 864, 866 (8th Cir. 2011) (collecting cases), the notice of appeal and brief that Hernandez submitted to the BIA sufficiently "alert[ed] the Board to the issue[s] he [now] seeks to raise." Abdulrahman v. Ashcroft, 330 F.3d 587, 595 (3d Cir. 2003). Because the brief that Hernandez filed with the BIA is virtually identical to the one that he filed before this Court, we also conclude that his claims are not waived. Cf. Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010).

5

does not dispute that the IJ failed to comply with § 1240.10(a), argues that Hernandez "is unable to show any amount of prejudice by how the [IJ] conducted [the] proceedings." Res'p's Br. 32. Importantly, however, we have held that a due process violation occurs where an IJ fails to inform an alien of the availability of free legal services, without regard to the alien's ability to demonstrate prejudice. Leslie, 611 F.3d at 182. Therefore, we conclude that Hernandez is entitled to a new hearing.

IV.

Even if we were not compelled to grant Hernandez's petition on the basis of the IJ's violation of § 1240.10(a), we would conclude that the BIA erred in affirming the IJ's determination that Hernandez was convicted of a "particularly serious crime."[2] An alien who has been "convicted by a final judgment of a particularly serious crime" is ineligible for asylum, statutory withholding of removal, and withholding of removal under the CAT. INA §§ 208(b)(2)(A)(ii); 241(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). For purposes of asylum eligibility, an alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime. INA § 208(b)(2)(B)(i). For purposes of eligibility for withholding of removal, an alien shall be considered to have been convicted of a particularly serious crime (1) if "he has been convicted of an aggravated felony (or felonies) for which [he] has been sentenced to an aggregate term of

---

[2] We will not comment on Hernandez's challenge to the BIA's application of the law governing CAT protection to the undisputed facts of record. That claim, too, was potentially affected by the failure to advise Hernandez of his right to counsel, and should also be addressed at the new hearing.

imprisonment of at least 5 years," or (2) where the "Attorney General . . . determin[es] that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime."  INA § 241(b)(3)(B).

In the Final Administrative Removal Order, the Government concluded that Hernandez had committed an aggravated felony crime of violence.[3]  The term "aggravated felony" is defined by INA § 101(a), and includes "a crime of violence (as defined in section 16 of Title 18 . . .) for which the term of imprisonment [is] at least one year."  INA § 101(a)(43)(F).  Pursuant to 18 U.S.C. § 16, a "crime of violence" means

>   (a)    an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>   (b)    any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

To determine whether an offense falls within the category of a "crime of violence," we generally employ a "categorical approach."  Taylor v. United States, 495 U.S. 575 (1990); Aguilar v. Att'y Gen., 663 F.3d 692, 695 (3d Cir. 2011).  Under that approach, we look at the statutory elements of the specific offense and ascertain the least culpable

---

[3] It does not appear that Hernandez's drug conviction was charged as a basis for his removal.  (A.R. 483, 487).  In this connection, we note that the "particularly serious crime" inquiry is confined to the facts underlying the crime upon which removal is predicated.  Lavira v. Att'y Gen., 478 F.3d 158, 162, 165 (3rd Cir. 2007) overruled on other grounds by Pierre v. Att'y Gen., 528 F.3d 180, 189 (3d Cir. 2008) (en banc).  Therefore, the IJ and the BIA erred to the extent that they relied on Hernandez's drug offense to conclude that he was convicted of a "particularly serious crime."

conduct necessary to sustain a conviction.  Taylor, 495 U.S. at 600; Denis v. Att'y Gen., 633 F.3d 201, 206 (3d Cir. 2011).  But where the statute criminalizes different kinds of conduct, some of which would constitute crimes of violence and some of which would not, we apply a "modified categorical approach," pursuant to which we "may look beyond the statutory elements to determine the particular part of the statute under which the defendant was actually convicted."  Denis, 633 F.3d at 206 (citation omitted); see also United States v. Stinson, 592 F.3d 460, 462 (3d Cir. 2010).  In such instances, we may consider "the record of conviction (e.g., indictment, plea agreement, criminal judgment, etc) and judicial findings of fact."  Singh v. Att'y Gen., 677 F.3d 503, 512 (3d Cir. 2012); see also Shepard v. United States, 544 U.S. 13, 16, 20-23 (2005).

Here, the documentation concerning Hernandez's New York assault conviction is sparse.  For instance, the record does not contain the charging instrument or documents pertaining to the guilty plea proceedings.  As noted by the IJ, however, the record does include a conviction record.  (A.R. 24).  In particular, there is a "Sentence & Commitment" form, dated March 10, 1995, that was issued by the New York State Supreme Court in Queens County.  That form contains handwritten notations indicating that Hernandez was convicted of "Assault 1," and was sentenced to a minimum imprisonment term of "2¾" years to a maximum term of "8¼" years.  (A.R. 412).  The record also contains an FBI Identification Record, which indicates that Hernandez was arrested in 1994 and charged with "ASLT W/INT CAUS PH INJ TO OF."  (A.R. 380).

8

No information about the statute of conviction or the disposition of that charge is provided.[4]

Importantly, because these documents fail to reveal the statutory provision under which Hernandez's New York assault conviction occurred, we cannot determine whether that conviction constitutes a crime of violence. Cf. Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007) (stating that the "practically non-existent record in this case cannot support an aggravated felony determination."). Even if we assumed that Hernandez was convicted under N.Y. Penal Law 120.10, which is titled "[a]ssault in the first degree," it is not clear that all convictions under that divisible statute constitute crimes of violence.[5]

---

[4] Notably, the FBI Identification Record contains a separate entry for a 1987 arrest for "ASLT W/INT CAUS SER INJ W/WE." That entry states that the assault charge was connected with the "NYC TRANSIT POL DEPT BROOKLYN," and indicates that Hernandez pleaded guilty to that assault charge and received a sentence of 33 to 99 months. (A.R. 379). It is not clear whether Hernandez was convicted in the 1990s for the arrest that occurred in 1987 (as Hernandez and the IJ suggested (A.R. 28, 156)) or whether Hernandez was twice arrested and convicted of assault in New York, and sentenced to identical prison terms (as the Government asserts, Res'p's Br. 5, 8 n.5). We do not need to resolve the issue, however, because, in either case, the evidence in the record does not sufficiently demonstrate that Hernandez has been convicted of a particularly serious crime.

[5] In New York, a person is guilty of assault in the first degree when:
  1. With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or
  2. With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or
  3. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person; or

See Dale v. Holder, 610 F.3d 294, 301-03 (5th Cir. 2010) (suggesting that convictions under 120.10(3) (reckless assault) and 120.10(4) (felony assault) are not crimes of violence); but see Aguilar, 663 F.3d at 693 (stating that "our precedent does not foreclose the possibility that a reckless crime can be a crime of violence under § 16(b)."). Furthermore, under a modified categorical approach, we could not consider the FBI Identification Record.[6] Cf. Taylor, 544 U.S. at 16, 20-23 (holding that "a police report submitted to a local court as grounds for issuing a complaint" was not an appropriate document to consider). That leaves only the "Sentence and Commitment" form which, as noted above, fails to list the statute pursuant to which Hernandez was convicted or provide any details about his crime. Under these circumstances, we could not determine whether Hernandez was convicted of a particularly serious crime. See Thomas v. Att'y Gen., 625 F.3d 134, 146 (3d Cir. 2010) ("exercis[ing] caution" where "the documentation supporting [the petitioner's] two guilty pleas is sparse.").

IV.

---

4. In the course of and in furtherance of the commission or attempted commission of a felony or of immediate flight therefrom, he, or another participant if there be any, causes serious physical injury to a person other than one of the participants.

N.Y. Penal Law 120.10.

[6] Even if we could consider the FBI Identification Record, it provides no details about the statute under which Hernandez was convicted. In fact, it seemingly further obfuscates the issue by raising the possibility that Hernandez was charged in 1994 with aggravated assault on a police officer, (A.R. 380 (describing charge of "ASLT W/INT CAUS PH INJ TO OF")), a separate crime from first degree assault. See N.Y. Penal Law 120.11.

For the foregoing reasons, we will grant the petition for review, vacate the order of the Board, and remand for further proceedings in accordance with this opinion.